UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  | ) |  |
|---|---|---|
| ESTATE OF ESTHER KLIEMAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 04-1173 (PLF) |
| | ) | |
| PALESTINIAN AUTHORITY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM OPINION AND ORDER

On August 18, 2020, the United States Court of Appeals for the District of
Columbia Circuit remanded this case to this Court for further proceedings in light of the passage
of the Promoting Security and Justice for Victims of Terrorism Act of 2019 ("PSJVTA"),
H.R. 1865, 116th Cong., § 903 (Dec. 20, 2019).  Estate of Esther Klieman v. Palestinian Auth.,
No. 15-7034 (D.C. Cir. Aug. 18, 2020).  Subsequently, on September 9, 2020, the parties
submitted a joint status report in which they set forth their respective positions on how they wish
to proceed in this case.  Joint Status Report ("JSR") [Dkt. No. 296] at 1.  The Klieman estate
wishes to proceed with jurisdictional discovery, id. at 4, while the Palestinian Authority requests
that the Klieman estate amend the jurisdictional element of the original complaint, id. at 7
(arguing that the Klieman estate has not "demonstrate[d] with plausible factual support
amounting to more than speculation or conclusory statements that discovery will uncover
sufficient evidence to establish personal jurisdiction") (quoting Estate of Esther Klieman v.
Palestinian Auth., 82 F. Supp. 3d 237, 249 (D.D.C. 2015)).

Filing an amended complaint is unnecessary. See Nat'l Women's Pol. Caucus, Inc. v. Metro. Louisville Women's Pol. Caucus, Inc., 359 F. Supp. 3d 13, 18 (D.D.C. 2019) ("The Court is not limited to the four corners of the operative complaint . . . in determining jurisdictional facts."). The Klieman estate has proposed jurisdictional discovery that will be limited to "the narrow issues encapsulated in the predicates established by the PSJVTA." JSR at 4; see also JSR at 3-4 ("[D]iscovery would be constrained to the easily identifiable issues found in the[] predicate requirements [of the PSJVTA]."). As the Klieman estate explains, "[s]atisfaction of the PSJVTA's requirements would complete a legally sufficient jurisdictional theory; an inquiry into these requirements is therefore a valid exercise." Id. at 4. The Klieman estate further represents that they are "prepared to discuss the scope of jurisdictional discovery with Defendants, once the Court has determined how it wishes to proceed." Id. Jurisdictional discovery is appropriate so long as it is narrowly tailored to the areas proposed by the Klieman estate. Accordingly, it is hereby

ORDERED that the plaintiffs may proceed with jurisdictional discovery limited to the areas specified in the Promoting Security and Justice for Victims of Terrorism Act of 2019, H.R. 1865, 116th Cong., § 903 (Dec. 20, 2019). The parties shall meet and confer about the scope of discovery consistent with these principles and submit a joint status report with a proposed schedule on or before December 18, 2020.

SO ORDERED.

/s/
_____
PAUL L. FRIEDMAN
United States District Judge

DATE: December 2, 2020